STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

FILED
May 7, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**ROGER L. HOSCHAR,**
**Claimant Below, Petitioner**

**vs.)    No. 14-0745** (BOR Appeal No. 2049114)
                    (Claim No. 2011024256)

**INDUSTRIAL CONTRACTORS, INC.,**
**Employer Below, Respondent**


**MEMORANDUM DECISION**

Petitioner Roger L. Hoschar, by John H. Skaggs, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Industrial Contractors, Inc., by Jillian L. Moore, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated June 30, 2014, in which the Board affirmed a December 12, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's February 21, 2011, decision denying Mr. Hoschar's application for workers' compensation benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Hoschar was employed as a boilermaker for Industrial Contractors, Inc. Beginning in 2006 and continuing for thirteen months, Mr. Hoschar worked at the Philip Sporn Power Plant in Mason County, West Virginia. The job site was often covered in pigeon droppings which had to be cleaned away before Mr. Hoschar could begin repairing the boilers at the plant. On a daily basis, Mr. Hoschar used an air hose to blow a significant amount of dried pigeon droppings away from his work site. While performing these cleaning operations, Mr. Hoschar wore protective overalls and a respirator, but he would still come in contact with some pigeon droppings. Several

1

years after the job finished, Mr. Hoschar injured his knee. Mr. Hoschar underwent surgery at Holzer Medical Center for this condition, and while preparing for surgery, an x-ray was taken of his chest which showed a large mass in his right lung. Mr. Hoschar then underwent a lobectomy at the Holzer Medical Center which revealed extensive bullous disease in the right lung. The surgical report indicated that there was extensive necrotizing granulomatous inflammation but the mass was negative for fungi and acid-fast bacillus. Mr. Hoschar was then treated by Frances T. Agyei-Gyamfi, M.D., who believed that the mass was related to histoplasmosis. He believed that the region Mr. Hoschar lived in was endemic for a histoplasmosis infection. Dr. Agyei-Gyamfi noted, however, that the serology analysis of the mass was negative for all fungal sources, including histoplasmosis, and therefore, the diagnosis was unlikely. Pathology testing was also conducted at Ohio State University Medical Center because of the suspicion that the mass was a histoplasmosis. The testing was negative for various types of fungus but did reveal a few yeast-like cells in the lung mass that were consistent with histoplasmosis. Bruce A. Guberman, M.D., then evaluated Mr. Hoschar. He noted that Mr. Hoschar had smoked two packs of cigarettes a day for twenty-five years, but his impression was that the lung mass was a histoplasmosis which he developed from exposure to pigeon droppings while working at the Philip Sporn Power Plant.

Following this evaluation, Mr. Hoschar filed an application for workers' compensation benefits alleging that the lung mass was caused by occupational exposure to pigeon droppings. On February 21, 2011, the claims administrator rejected Mr. Hoschar's application. Alan M. Ducatman, M.D., examined Mr. Hoschar. He found that Mr. Hoschar had pre-existing chronic obstructive pulmonary disease due to his significant history of cigarette smoking. However, Dr. Ducatman believed that Mr. Hoschar's lung mass was caused by histoplasmosis related to exposure to pigeon droppings at the Philip Sporn Power Plant. Dr. Ducatman found that exposure to bird droppings was a classic source of histoplasmosis. George L. Zaldivar, M.D., also evaluated Mr. Hoschar. He found that Mrs. Hoschar had also developed a histoplasmosis in the eye which indicated that Mr. Hoschar's lung mass was not occupationally related. Dr. Zaldivar found that the record did not contain a consistent diagnosis of a histoplasmosis. He also found that if the lung mass was related to histoplasmosis, it was more likely related to Mr. Hoschar's outdoor activities such as hunting and fishing because the fungus that causes histoplasmosis was endemic to the region in which Mr. Hoschar lived. He also found that it was unlikely that Mr. Hoschar developed histoplasmosis related to his work because he wore protective equipment such as a respirator when he was exposed to pigeon droppings. Marsha Bailey, M.D., also evaluated Mr. Hoschar. She found that he had chronic obstructive pulmonary disease but that it was entirely related to his smoking history. She also found that the pathology reports taken of the mass in Mr. Hoschar's right lung did not reveal any evidence of histoplasmosis. Although she found that the etiology of the lung mass was unclear, the medical evidence did not draw a causal connection between his work and the condition. Following this evaluation, Dr. Zaldivar issued an addendum report stating that he believed Mr. Hoschar had developed histoplasmosis in his right lung prior to working at the Philip Sporn Power Plant. Dr. Zaldivar pointed out that x-rays had been taken of Mr. Hoschar's lungs in 2003 which showed granuloma scar tissue in his lungs consistent with a diagnosis of histoplasmosis. On December 12, 2013, the Office of Judges affirmed the claims administrator's decision. The Board of Review affirmed the Office of Judges' Order on June 30, 2014, leading Mr. Hoschar to appeal.

The Office of Judges concluded that there was no evidence that histoplasmosis was responsible for Mr. Hoschar's lung mass or that he contracted an occupational disease in the course of and as a result of his employment at the Philip Sporn Power Plant. The Office of Judges determined that Mr. Hoschar suffered from an ordinary disease of life or from emphysema and chronic obstructive pulmonary disease from over twenty-five years of smoking. The Office of Judges reached this determination based on the reports of Dr. Zaldivar. It especially relied on his analysis of the 2003 chest x-rays and his opinion that the cause of the mass in Mr. Hoschar's lungs pre-dated his employment at Philip Sporn Power Plant. The Office of Judges also found that the available pathology reports indicated that there was no known etiology of the lung mass. The Office of Judges considered the pathology report from Ohio State University Medical Center, but it found that the conclusions were not sufficiently supported in the record. The Office of Judges found that this report was not sufficient to find that Mr. Hoschar's lung mass was related to histoplasmosis that was caused by his work. The Office of Judges also considered the reports of Dr. Ducatman and Dr. Guberman, but it found that their conclusions were dependent on the diagnosis from Ohio State University Medical Center and were not consistent with the remainder of the evidence in the record. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. Mr. Hoschar has not demonstrated that he contracted histoplasmosis, which developed into the mass in his lungs, in the course of and resulting from his employment. The mass removed from Mr. Hoschar's right lung was initially attributed to histoplasmosis, but the pathology testing of the mass was negative for all fungal sources including histoplasmosis. The pathology reports are supported by the treatment notes of Dr. Agyei-Gyamfi. The report of Dr. Zaldivar also indicates that it is unlikely that Mr. Hoschar developed histoplasmosis as a result of his employment because he wore protective gear, including a respirator, while he was cleaning away pigeon droppings at the Philip Sporn Power Plant. Dr. Zaldivar's report further demonstrates that the mass in Mr. Hoschar's lung was likely an ordinary disease of life instead of an occupational disease. The pathology report from Ohio State University Medical Center revealed some fungal source consistent with histoplasmosis, but its conclusions were not sufficiently supported by the remainder of the evidence in the record. The Office of Judges was within its discretion in disregarding this pathology report and the opinions of Dr. Ducatman and Dr. Guberman, which were based on the report's conclusions.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  May 7, 2015**

3

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**
Justice Brent D. Benjamin